# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN STEWART-MAGEE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV 2:09-0239-SLB |
| ) | |
| **UNITED STATES AIR FORCE,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case is before the court on defendants: the United States Air Force, the Secretary of Defense, the Secretary of the Air Force, the Chairman of the Joint Chiefs of Staff, the Air Force Chief of Staff, the Commander of U.S. Air Force Executive Office of Intelligence, the Commander of Air Reserve Personnel Center, the Commander of U.S. European Command, and the Chief of Personnel for the U.S. Air Force Intelligence's (collectively the "Defendants") Motion to Dismiss, or Alternatively, for Summary Judgment, (Doc. 3), and Defendants' Motion to Strike Amended Complaint, or Alternatively, Motion for Enlargement of Time to Answer or Otherwise Respond to Amended Complaint, (Doc. 10).[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Defendants' Motion to Dismiss, (Doc. 3), is due to be GRANTED, and that Defendants' Motion to Strike Amended Complaint, (Doc. 10), is due to be GRANTED.

---

[1] "Doc. __" refers to the document number that the Clerk of the Court assigns to a filing when it is made.

## I. MOTION TO DISMISS STANDARD OF REVIEW

In considering a defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A motion to dismiss must be denied when the "[plaintiff's claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (rephrasing and broadening the "no set of facts" dismissal standard that was the Court's previous precedent in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, courts must construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). But, "[i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada*, No. 09-10024, 2007 WL 2913570, at *2 (11th Cir. Sept. 11, 2009) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint in this case (Doc. 1), and Amended Complaint (Doc. 8), are nearly identical to a previous complaint filed by this same plaintiff ("Stewart-Magee"), in this same

court, against the same defendants. *See Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. Feb. 12, 2008). In the first case, *Doe v. U.S. Air Force*, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. *See* Motion to Dismiss, or Alternatively, for Summary Judgment at 1, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Oct. 12, 2007). Judge Robert David Proctor heard oral arguments and subsequently dismissed the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, specifically because Stewart-Magee's claims were barred by the doctrine of sovereign immunity under the principles of *Feres v. United States*, 340 U.S. 135 (1950), and its progeny. *See* Order at 1, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Feb. 12, 2008). Stewart-Magee's motion for reconsideration was denied and his appeal to the Eleventh Circuit was dismissed for want of prosecution. (*See* Doc. 4 at 1.)

Nevertheless, on February 6, 2009, Stewart-Magee, filing *pro se*, again filed a Complaint against Defendants. (Doc. 1.) In the Complaint, Stewart-Magee sets forth eleven counts against Defendants, each of which he had previously alleged in *Doe v. U.S. Air Force*. *See* Complaint at 8-12, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed May 7, 2007). All eleven counts, however, basically arise from Stewart-Magee's allegation that the USAF breached his enlistment contract "by denying [him] that which was promised, security clearance and schooling to obtain an officer's commission." (Doc. 6 at 5; Doc. 1 at 8, ¶ 47.) On May 18, 2009, Defendants filed a Motion to Dismiss, or Alternatively, for Summary Judgment, (Doc. 3), and an accompanying brief, (Doc. 4). As in the first case, i.e.

3

*Doe v. U.S. Air Force*, Defendants again argue that Stewart-Magee's claims are barred by the doctrine of sovereign immunity, and subject to dismissal under Rules 12(b)(1) and 12(b)(6). (Doc. 3 at 1.) Subsequently, on May 28, 2009, Stewart-Magee filed his Opposition to Defendant's Motion to Dismiss. (Doc. 6.) Defendants filed their reply on June 30, 2009. (Doc. 9.)

On June 29, 2009, Stewart-Magee filed an Amended Complaint. (Doc. 8.) In response, Defendants filed a Motion to Strike Amended Complaint, or Alternatively, Motion for Enlargement of Time to Answer or Otherwise Respond to Amended Complaint, on July 13, 2009. (Doc. 10.) Specifically, Defendants argue that Stewart-Magee filed the Amended Complaint "without either the Defendants' written consent or leave of court," despite the requirements of Rule 15(a) of the Federal Rules of Civil Procedure. (*Id.* at 2, ¶¶ 2-3.) That said, Defendants also maintain that the Amended Complaint fails to address any of the "deficiencies of the original Complaint." (*Id.* at 3, ¶ 4.) Stewart-Magee filed his response on July 23, 2009. (Doc. 11.)

### III. DISCUSSION

**A.   DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT (DOC. 3)**

In their Motion to Dismiss, Defendants argue that "[t]he instant complaint is substantially the same as the complaint previously filed against the same defendants in this

4

Court by the Plaintiff under the psuedonym 'John Doe.'"[2] (Doc. 3 at 2.) Further, Defendants note that the previous complaint "was dismissed for lack of subject matter jurisdiction." (*Id.*) Defendants do not expressly argue that the instant case is due to be dismissed under the doctrines of issue preclusion or claim preclusion, even though the issue of subject matter jurisdiction has already been litigated and decided.[3] Nevertheless, and while issue preclusion and claim preclusion are typically raised as affirmative defenses, the Supreme Court of the United States has stated that a court may, *sua sponte*, raise both preclusion bars to prevent "unnecessary judicial waste."[4] *Arizona v. California*, 530 U.S. 392, 412 (2000), *supplemented by* 531 U.S. 392 (2000) (noting that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised" (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))). This court exercises that discretion.

---

[2] In fact, Stewart-Magee, in his Opposition to Defendant's Motion to Dismiss, admits that this case involves "the same plaintiff and same counts," although he contends "the arguments will be quite different." (Doc. 6 at 5.)

[3] Instead, Defendants simply reiterate the same arguments they made in *Doe v. U.S. Air Force*, that the Complaint is due to be dismissed because this court lacks subject matter jurisdiction, specifically because Stewart-Magee has failed to allege a valid waiver of sovereign immunity, as well as exhaust necessary administrative remedies. (Doc. 3 at 2-4.)

[4] The Court added, however, that "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*." *Arizona v. California*, 530 U.S. 392, 412-13 (2000). But, in *Doe v. U.S. Air Force*, the court stated that Defendants' subject matter jurisdiction argument was "the *only* argument [it] need consider because it [was] dispositive of all of Plaintiff's claims." *See* Memorandum Opinion at 5, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Feb. 12, 2008) (emphasis added). This court is therefore of the opinion that sufficient judicial resources have already been spent on the resolution of subject matter jurisdiction.

It is well-settled that the preclusion doctrines apply to questions of jurisdiction. *See Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525-26 (1931); *see also N. Ga. Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432-33 (11th Cir. 1993) (holding that defense of collateral estoppel precluded relitigation of the jurisdictional question). Under the first doctrine, claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). And, under the second doctrine, issue preclusion, or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation on the issue." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).

1.  Claim Preclusion, or Res Judicata

The court first considers whether claim preclusion, or res judicata, applies to bar Stewart-Magee's Complaint. As stated above, for claim preclusion to apply, there must exist a prior "final judgment on the merits." *Id.* at 94. But, the Supreme Court has clarified that a prior dismissal for lack of subject matter jurisdiction does not operate as a final judgment on the merits. *See Haywood v. Drown*, 129 S.Ct. 2108, 2132 (2009) (Thomas, J. dissenting) (citing *Allen*, 449 U.S. at 94). Therefore, claim preclusion does not bar the Complaint.

2.     Issue Preclusion, or Collateral Estoppel

The court next considers the doctrine of issue preclusion, or collateral estoppel. Unlike claim preclusion, the Eleventh Circuit has stated that even though "the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *N. Ga. Elec. Membership Corp.*, 989 F.2d at 433 (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). Thus, issue preclusion may apply when a complaint, which was previously dismissed for lack of jurisdiction, is refiled in the same court. *See id.* at 432-33.

Nevertheless, before issue preclusion applies to bar a second lawsuit, four elements must exist:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d , 1549 (11th Cir. 1986)).

When a plaintiff files a second complaint, against the same parties, and in the same court that dismissed the plaintiff's first complaint for lack of subject matter jurisdiction, issue preclusion applies to bar the second complaint. *See N. Ga. Elec. Membership Corp.*, 989 F.2d at 433. In *North Georgia Electric Membership Corp. v. City of Calhoun*, the plaintiff

nonprofit corporation filed its initial complaint against the City of Calhoun in 1988, requesting that the district court invalidate a franchise tax levied against the corporation's gross sales.  *Id.* at 431.  The district court, however, dismissed the case for lack of subject matter jurisdiction because the Tax Injunction Act, 28 U.S.C. § 1341 (1988), "barred a federal court from hearing any challenge to the tax."  *N. Ga. Elec. Membership Corp.*, 989 F.2d at 431.  Subsequently, in 1989, the City of Calhoun filed suit against the nonprofit corporation in state court to compel the corporation to pay the franchise tax.  *Id.*  The nonprofit corporation responded, however, by filing a declaratory judgment action in the same district court that dismissed its 1988 complaint, again requesting that the court invalidate the tax.  *Id.*  Instead, the district court again dismissed the complaint for lack of subject matter jurisdiction.  *Id.*  On appeal, the Eleventh Circuit affirmed the district court's decision, stating "the first suit . . . bar[s] relitigation of the jurisdictional question.  *Id.* at 431-33.

In the instant case, similar to the nonprofit corporation's second complaint in *North Georgia Electric Membership Corp.*, Stewart-Magee filed an almost identical Complaint, against the same parties, and in the same court that dismissed his first complaint for lack of subject matter jurisdiction.  First, the issue at stake in Defendants' Motion to Dismiss, (Doc. 3), the lack of subject matter jurisdiction because the United States has not waived its sovereign immunity, is "identical" to the issue in *Doe v. U.S. Air Force*, satisfying the first

8

*Pleming* element.[5]  *Compare* Order at 1, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Feb. 12, 2008) (dismissing the complaint because the court lacked subject matter jurisdiction under the *Feres* doctrine), *with* Motion to Dismiss at 2, ¶¶ 3-4, *Stewart-Magee v. U.S. Air Force*, No. 2:09-cv-0239-SLB (N.D. Ala. filed May 18, 2009) (Doc. 3) (arguing that the Complaint is due to be dismissed for lack of subject matter jurisdiction under the *Feres* doctrine); *see also Pleming*, 142 F.3d at 1359 (listing the four elements for issue preclusion).  Next, the issue of whether the United States waived its sovereign immunity under the *Feres* doctrine was "actually litigated" in *Doe v. U.S. Air Force*. *See* Memorandum Opinion at 5-10, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Feb. 12, 2008); *Pleming*, 142 F.3d at 1359.  Therefore, the second *Pleming* factor is satisfied.  Also, whether the United States waived its sovereign immunity was a "critical and necessary part" of *Doe v. U.S. Air Force*; indeed, Judge Proctor stated it was "the *only* argument this court need consider because it is dispositive of all of Plaintiff's claims." *Id.* at 5 (emphasis added); *Pleming*, 142 F.3d at 1359.  The third *Pleming* element is thus satisfied.  And finally, Stewart-Magee had a "full and fair opportunity to litigate the issue [of subject matter jurisdiction] in the prior proceeding." *Pleming*, 142 F.3d at 1359.  Specifically, Stewart Magee, under the name John Doe, filed his opposition to Defendants' Motion to Dismiss on October 26, 2007; the court subsequently held a hearing on November 14, 2007.  *See*

---

[5] It is important to note that after litigating the issue in the prior proceeding, if there is an intervening change in relevant law, courts are reluctant to deem the subsequently litigated issue "identical."  *See N. Ga. Elec. Membership Corp.*, 989 F.2d at 436.  Here, however, there has been no change in relevant law since *Doe v. U.S. Air Force*, and neither party has argued to the contrary.

Opponent's Responsive Submission at 4, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Oct. 26, 2007); Memorandum Opinion at 1, *Doe v. U.S. Air Force*, No. 2:07-cv-0842-RDP (N.D. Ala. filed Feb. 12, 2008). Accordingly, the fourth *Pleming* factor is satisfied. Therefore, as in *North Georgia Electric Membership Corp.*, because all four *Pleming* elements exist, Defendants' Motion to Dismiss, (Doc. 3), is due to be granted, and Stewart-Magee's Complaint, (Doc. 1), is due to be dismissed.[6]

### B. DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT, OR ALTERNATIVELY, MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO AMENDED COMPLAINT (DOC. 10)

In their Motion to Strike Amended Complaint, or Alternatively, Motion for Enlargement of Time to Answer or Otherwise Respond to Amended Complaint, (Doc. 10),

---

[6] Regarding the arguments proferred by Defendants in their Motion to Dismiss, or Alternatively, for Summary Judgment, Defendants maintain primarily that Stewart-Magee's Complaint is due to be dismissed for lack of subject matter jurisdiction under the *Feres* doctrine and its progeny, because the United States has not waived its sovereign immunity regarding Stewart-Magee's claims. (*See id.* at 2, ¶¶ 3-4; Doc. 9 at 2.) In *Feres v. United States*, the Supreme Court indeed held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity to service." 340 U.S. 135, 146 (1950). Further, the Court has expanded the *Feres* doctrine to bar all suits for service related damages, including claims for non-constitutional violations, *United States v. Shearer*, 473 U.S. 52, 59 (1985), and constitutional violations, *Chappell v. Wallace*, 462 U.S. 296, 305 (1983). The Eleventh Circuit has also held that the *Feres* doctrine prevents claims for injunctive relief. *Speigner v. Alexander*, 248 F.3d 1292, 1298 (11th Cir. 2001) (stating that "cases brought by enlisted personnel against the military for injuries incident to service are nonjusticiable, whether the claims request monetary damages or injunctive relief"). As a result, in the Eleventh Circuit, all claims by a soldier for injuries incident to service, regardless of the type of relief sought, are barred by the *Ferres* Doctrine. *See id.* Nevertheless, and while the court does find merit in Defendants' arguments, further discussion of the issue of subject matter jurisdiction is unnecessary because, as stated above, issue preclusion bars relitigating the issue.

Defendants argue that Stewart-Magee filed the Amended Complaint "without either the Defendants' written consent or leave of court," despite the requirements of Rule 15(a) of the Federal Rules of Civil Procedure. (Doc. 10 at 2, ¶¶ 2-3.) Defendants further argue that the Amended Complaint fails to address any of the "deficiencies of the original Complaint." (*Id.* at 3, ¶ 4.)

1. <u>Leave to Amend Standard</u>

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In defining the parameters of Rule 15(a), the Supreme Court stated that absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . the leave sought should . . . be 'freely given.'" *Id.* at 1534-35 (quoting Fed. R. Civ. P. 15(a)). Regarding the "futility of amendment," the Eleventh Circuit has held that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of*

*Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). Therefore, it seems, if Stewart-Magee's Amended Complaint would be properly subject to dismissal for "lack of subject-matter jurisdiction" under Rule 12(b)(1), the court should deny leave to amend the complaint as futile. *See id.*; Fed. R. Civ. P. 12(b)(1).

2. Stewart-Magee's Amended Complaint (Doc. 8)

In his Amended Complaint, Stewart-Magee adds no additional parties, includes only minor and trivial changes regarding the factual background of the case, and, as with the initial complaint, still fails to address the issue of subject matter jurisdiction and his prior failure in *Doe v. U.S. Air Force* to show a waiver of sovereign immunity. (*See* Doc. 8 at 1-9.) That said, Stewart-Magee does add five new counts, including Count 3 ("Violation of Due Process (Taking of Property and/or Liberty)"), Count 8 ("Violation of Due Process"), Counts 11 and 12 ("Violation of Liberty Interests"), and Count 16 ("Punitive Damages). (*Id.* at 9-11.) Counts 3, 8, 11, and 12 are all constitutional claims; the Supreme Court in *Chappell v. Wallace*, however, stated the *Feres* doctrine applies to constitutional violations. 462 U.S. 296, 305 (1983). And, Count 16 ("Punitive Damages") is merely incidental to a separate cause of action, and thus cannot constitute the basis of a cause of action. *See Byrne v. Nezhat*, 261 F.3d 1075, 1093 at n.34 (11th Cir. 2001) (noting that "a prayer for punitive damages is not an independent cause of action"). Thus, under the *Feres* doctrine, this court lacks subject matter jurisdiction over all of Stewart-Magee's additional counts contained in the Amended Complaint. Therefore, the court is of the opinion that because the Amended Complaint would still be properly subject to dismissal for

12

lack of subject matter jurisdiction, allowing it would be futile.  Defendants' Motion to Strike Amended Complaint, (Doc. 10), is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Defendants' Motion to Dismiss, (Doc. 3), is due to be GRANTED.  Defendants' Motion to Strike Amended Complaint, (Doc. 10), is due to be GRANTED.  An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion to the plaintiff at the following address:

>   Brian Stewart-Magee
>   P. O. Box 762
>   Odenville, AL 35120

**DONE** this 7th day of January, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE